

**U.S. Department of Justice**

*United States Attorney*

*Eastern District of Pennsylvania*

---

| | | |
|---|---|---|
| *Anthony D. Scicchitano* | *Assistant United States Attorney* | *615 Chestnut Street* |
| *Direct Dial* | *(215) 861-8380* | *Suite 1250* |
| *Fax* | *(215) 861-8618* | *Philadelphia, Pennsylvania 19106-4476* |
| *E-mail Address* | *anthony.scicchitano@usdoj.gov* | *(215) 861-8200* |

December 10, 2021

Via Email
The Honorable Elizabeth T. Hey
United States Magistrate Judge
3038 United States Courthouse
601 Market Street
Philadelphia, PA 19106

      Re:    Application for Inspection Warrant for Lloyd Industries, Inc. (21-mj-1854)

Dear Judge Hey:

      I have enclosed for the Court's review an Application for Inspection Warrant, exhibits in support, and a proposed Inspection Warrant pursuant to section 8 of the Occupational Safety and Health Act of 1970 (the Act), 29 U.S.C. § 657.  The application seeks a warrant to inspect facilities operated by Lloyd Industries, Inc. (Lloyd).  As set forth in the application, Lloyd has a preexisting history of safety violations with the Occupational Safety and Health Administration (OSHA), including a history of willful violations that were upheld by an administrative law judge, and a history of refusing OSHA inspectors entry into its facility.  Because this proposed inspection arises from a neutral administrative program, OSHA's Severe Violator Enforcement Program, and because of Lloyd's history of refusing entry and tampering with working conditions before OSHA can inspect the facility, the attached application seeks an administrative inspection warrant for OSHA to inspect Lloyd's facility accompanied by officers of the U.S. Department of Labor Office of Inspector General.

      While OSHA has authority to conduct inspections of places of employment, 29 U.S.C. § 657, the Fourth Amendment's Warrant Clause applies to OSHA inspections.  *See Marshall v. Barlows, Inc.*, 436 U.S. 307 (1978).  Therefore, OSHA must obtain an administrative warrant to conduct an inspection if the employer denies entry.  The relaxed administrative probable cause standard governing the warrant application requires a showing that the employer has been identified in an administrative plan containing specific, neutral criteria.  *See id.* at 321 ("A warrant showing that a specific business has been chosen for an OSHA search on the basis of a general administrative plan for the enforcement of the Act derived from neutral sources . . . would protect an employer's Fourth Amendment rights."); *Martin v. Int'l Matex Tank Terminals-Bayonne*, 928 F.2d 614, 622 (3d Cir. 1991) (recognizing that probable cause to search for an administrative warrant under § 657(a) can be established through "an administrative plan containing specific neutral criteria," or specific evidence of a violation).

      In the case of warrants based on programmed inspections pursuant to neutral administrative plans, "an application describing an administrative plan and stating that the worksite to be inspected is within that plan is sufficient for a showing of probable cause."  *Pa.*

*Steel Foundry & Mach. Co. v. Sec'y of Lab.*, 831 F.2d 1211, 1215 (3d Cir. 1987) (recognizing that cases finding such a showing satisfies probable cause were persuasive).

  The application by OSHA Area Director Jean G. Kulp satisfies the probable cause standard. The application establishes that OSHA has implemented a neutral, administrative inspection plan with the Severe Violator Enforcement Program, attached as Exhibit A. The proposed inspection of Lloyd is an "Enhanced Follow-Up Inspection" pursuant to that neutral, administrative plan due to Lloyd having a facility in which OSHA found two or more willful or repeated "high gravity serious violations" related to a "High-Emphasis Hazard." The application further outlines how an administrative law judge affirmed OSHA violations in 2016, including several high gravity serious violations, two of which were classified as willful. Because these prior findings and violations qualify Lloyd as a Severe Violator Enforcement Case, OSHA is required by the Severe Violator Enforcement Program to conduct the inspection, and probable cause is satisfied.

  In addition, the application outlines the serious need for OSHA inspectors to be accompanied by the U.S. Department of Labor Office of Inspector General. Lloyd has a preexisting history of refusing OSHA entry into the workplace, even with a warrant in hand. Only after a court ordered the U.S. Marshals to accompany OSHA did Lloyd finally allow OSHA entry. And in 2016, with another anticipatory warrant, Lloyd delayed OSHA inspectors in order to alter unsafe conditions before OSHA had an opportunity to document them. Because of Lloyd's history of violating administrative inspections, the application notes that the U.S. Department of Labor Office of Inspector General will accompany OSHA inspectors on this inspection to ensure that the warrant is respected and immediately enforced.

  We respectfully request that the Court review the enclosed Application for Inspection Warrant and the accompanying materials at your earliest convenience. Jean Kulp, the Area Director of the OSHA Allentown Area Office, is available to swear out the Application.

  We look forward to discussing this with Your Honor.

           Respectfully,

           JENNIFER ARBITTIER WILLIAMS
           United States Attorney

           ANTHONY D. SCICCHITANO
           Assistant United States Attorney

Enclosures:
  Application for Inspection Warrant with Exhibits A-D
  Proposed Inspection Warrant